**PUBLIC CITIZEN et al., Plaintiffs,**

v.

**Jere GOYAN et al., Defendants.**

Civ. A. No. 79–3372.

United States District Court, District of Columbia.

June 17, 1980.

William B. Schultz, Alan B. Morrison, Washington, D.C., for plaintiffs.

Patricia J. Kenney, Asst. U.S. Atty., Washington, D.C., for defendants.

### MEMORANDUM ORDER

HAROLD H. GREENE, District Judge.

Plaintiffs[1] brought this action against the Commissioner of the Food and Drug Administration (FDA) and the Secretary of Health, Education and Welfare[2] for an order declaring that nitrites in bacon are a "color additive" within the meaning of the

---

1. Three public interest organizations and two individuals.

2. Referred to herein as the federal defendants.

Color Additive Amendment to the Food, Drug, and Cosmetic Act (21 U.S.C. § 321(t)(1)). Two trade groups[3] were permitted to intervene.

A similar action had previously been brought in June 1978 by some of the same plaintiffs, but in that suit Judge Gesell granted summary judgment for the defendants, holding on the color additive issue that it "must first be presented to and addressed by the FDA in consultation with" the Department of Agriculture. *Public Citizen v. Foreman*, 471 F.Supp. 586 (D.D.C.1979), *appeal pending* (D.C.Cir.).[4]

Thereafter, plaintiffs petitioned the FDA to declare nitrite a color additive. That petition was denied, but the FDA tentatively concluded that nitrites impart color within the meaning of the statute. FDA thereafter published a notice of proposed rulemaking. 44 Fed.Reg. 75659. Pursuant to that notice some 150 sets of comments were received from consumers, firms, and industry groups, and the agency states that it has begun its analysis of these comments and is proceeding to reach a final determination on the issues.

These events pose a very obvious exhaustion of administrative remedies problem for the plaintiffs. See generally *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 515 (1938); *McKart v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *National Nutritional Foods Association v. Califano*, 603 F.2d 327 (2d Cir.1979). Plaintiffs argue in essence that this doctrine does not apply here because no factual issues calling for special agency expertise are present. However, it seems clear that the central issues in this case—whether nitrite fixes rather than imparts color to bacon and whether nitrite is used solely for purposes other than coloring—are precisely in that category.[5] Addi-

tionally, there are background questions of great importance which, while not directly involved now, should not be short-circuited by a court decision at this juncture, *i.e.*, whether and the extent to which nitrite is important in preventing botulism and whether and the extent to which it is a carcinogen.

Plaintiffs argue that the FDA is taking an inordinately long time with the present proceeding and that the Court should retain jurisdiction and set a schedule for agency action (5 U.S.C. §§ 555(b), 706(1)). But there has been no showing of the kind of intentional or otherwise unreasonable delay[6] that in rare circumstances would cause a court to interfere during ongoing administrative proceedings. See *Chromcraft Corp. v. EEOC*, 465 F.2d 745 (5th Cir.1972); *FTC v. J. Weingarten, Inc.*, 336 F.2d 687 (5th Cir.1964); *Kent v. Hardin*, 425 F.2d 1346 (5th Cir.1970); *Foster v. Freeman*, 271 F.Supp. 33 (S.D.N.Y.1967).[7]

For the reasons stated, it is this 17th day of June, 1980,

ORDERED That defendants' motions to dismiss and for summary judgment be and they are hereby granted, and it is further

ORDERED That plaintiffs' motion for summary judgment be and it is hereby denied, and it is further

ORDERED That the complaint be and it is hereby dismissed.

---

**3.** National Meat Association and American Meat Institute.

**4.** See also, *Schuck v. Butz*, 163 U.S.App.D.C. 142, 500 F.2d 810 (1974).

**5.** At best from plaintiffs' point of view, these issues present mixed questions of law and fact.

**6.** See *Nader v. FCC*, 520 F.2d 182 (D.C.Cir. 1975).

**7.** As for the question of immediate impact on the parties (*Environmental Defense Fund v. Hardin*, 428 F.2d 1093 (D.C.Cir.1970)), nitrite-free bacon is commercially available, and the relative damages with respect to botulism and cancer have not been explored.